NUMBER 13-02-437-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

VEECO ENTERPRISES, INC.
D/B/A TOWN & COUNTRY REALTY,                                         Appellant,

v.

JOSE G. GONZALES AND 
CELIA S. GONZALES,                                                                Appellees.
                                                                                                                                      

On appeal from the 343rd District Court of Bee County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Garza
Opinion by Justice Yañez
 
 
          By two issues, appellant, Veeco Enterprises, Inc. d/b/a Town & Country Realty
(Veeco), challenges the jury’s verdict and the trial court’s subsequent judgment for
appellees, Jose G. and Celia S. Gonzalez, in their DTPA suit.


 We affirm.
Analysis
          With its first issue, Veeco challenges the legal sufficiency of the evidence presented
at trial.


 Specifically, Veeco challenges the jury’s answers to the first six questions of the
court’s charge. However, the contentions in Veeco’s brief all concern the jury’s “Yes”
answer to the first question: “Did any of the named defendants engage in any false,
misleading, or deceptive act that was a producing cause of damages to Jose G. Gonzales
and Celia S. Gonzales?” Because appellant has failed to provide us with clear and concise
argument, with appropriate citation to authorities and the record, for the contentions
concerning the jury’s answers to the second, third, fourth, fifth, and sixth questions, those
contentions are deemed waived. Tex. R. App. P. 38.1(h).
          We are left to consider Veeco’s assertion that there was no evidence to support the
jury’s first answer. When reviewing a no-evidence challenge, we consider only the
evidence and inferences supporting the finding and disregard all evidence and inferences
to the contrary. ACS Investors v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997); see Lenz
v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002). Any evidence of probative force, or more than a
scintilla, supporting the finding requires us to uphold it. See Lenz, 79 S.W.3d at 19; ACS
Investors, 943 S.W.2d at 430. There is some evidence, or more than a scintilla, when the
evidence “furnishes some reasonable basis for differing conclusions by reasonable minds.” 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983); see Transp. Ins. Co. v. Moriel,
879 S.W.2d 10, 25 (Tex. 1994).
          The underlying lawsuit arose after Veeco brokered the sale of a home to appellees. 
The sale was closed based on a positive inspection, but major septic problems arose two-to-three months later. This inspection was directed by Veeco and consisted of minimal
tests, which lasted less than an hour. No septic problems were identified. In contrast, a
second inspection directed by appellees was performed after the sale of the home. This
second inspection revealed that the walls of the septic tank had disintegrated and
concluded that there was no longer a working septic tank, and there could not have been
one when the sale was made. The passing report given by the first inspector led Veeco
to represent to appellees that a functional septic system was in place, even though that
was not the case. Comparing the testimony of the inspector hired by Veeco before the
sale of the house to appellees and the inspector hired by appellees after the sale and after
septic problems became apparent, the record contains more than a scintilla of evidence
that Veeco engaged in false, misleading, or deceptive acts in their dealings with appellees. 
Thus, there is some probative evidence, or more than a scintilla, to support the jury’s
answer to the first question in the court’s charge, in that the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds. See Kindred, 650 S.W.2d
at 63. Veeco’s first issue is overruled.
          With its second issue, Veeco challenges the legal and factual


 sufficiency of the
jury’s answer to question seven of the court’s charge. Question seven asked: “What sum
of money do you find [Veeco] is entitled to from the [seller], if any, to indemnify [Veeco] for
its costs in defending this lawsuit and for any judgment assessed against it, if any?” In
response to this question, the jury answered “0” (zero). The charge provided the following
definition: “‘Indemnify’ means to make good; to compensate; to make reimbursement to
one of a loss incurred by them as the result of legal consequences of an act on the part of
another person.”
          Appellant contends the evidence conclusively established indemnity. Specifically,
Veeco argues that their “Exclusive Right to Sell Listing Agreement . . . calls for complete
indemnity in favor of . . . Veeco.” This agreement states that the “Seller shall indemnify
Broker (Veeco). . . from any damages[,] attorney’s fees[,] or expenses arising from Seller’s
failure to disclose any material or relevant information or the giving of any incorrect
information to Broker . . . or prospective buyers (appellees).” Veeco points out that the
seller testified to signing this agreement and also the “Property Condition Disclosure
Notice.” Veeco then points to the testimony of its witnesses establishing the amount of 
attorney fees it believes it should have been awarded from the seller.
          When a party, like Veeco, attacks the legal sufficiency of an adverse finding on
which it had the burden of proof (indemnity), it must demonstrate on appeal that the
evidence establishes, as a matter of law, all vital facts in support of the issue. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). “In reviewing a ‘matter of law’ challenge,
the reviewing court must first examine the record for evidence that supports the finding,
while ignoring all evidence to the contrary.” Id. “If there is no evidence to support the
finding, the reviewing court will then examine the entire record to determine if the contrary
position is established as a matter of law.” Id. The issue will be sustained “only if the
contrary position is conclusively established.” Id. at 241-42. In addition, when a party
attacks the factual sufficiency of a finding on which it had the burden of proof, it must
demonstrate that the jury’s answer is against the great weight and preponderance of the
evidence. See id. at 241. In reviewing such a challenge, a court of appeals “must consider
and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak
or if the finding is so against the great weight and preponderance of the evidence that it is
clearly wrong and unjust.” Id.
          Veeco makes no additional argument and directs this Court to no evidence in the
record demonstrating how or when the seller failed to disclose material or relevant
information, or gave incorrect information, to it or to appellees. After reviewing the record,
we hold that Veeco has not demonstrated that the evidence establishes, as a matter of
law, all vital facts in support of indemnity. Appellant’s legal sufficiency challenge must fail
because indemnity was not conclusively established. Furthermore, considering the failure
of Veeco to address how and when the seller failed to disclose material or relevant
information, or gave incorrect information, to it or to appellees, the evidence supporting the
jury’s negative answer regarding indemnity is not so weak, or against the great weight and
preponderance of the evidence, that it is clearly wrong and unjust. Appellant’s factual
sufficiency challenge must also fail. Appellant’s second issue is overruled.
          Having considered Veeco’s issues, they are both overruled. The judgment of the
trial court is AFFIRMED.
 

                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Opinion delivered and filed this the
15th day of April, 2004.